UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PAUL DAVID STRONG,                                                                          Plaintiff,

v.                                                 Civil Action No. 3:18-cv-P779-DJH

SHERRY KEMPER,                                                          Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Paul David Strong leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at the Louisville Metro Department of Corrections. He completed a 42 U.S.C. § 1983 complaint form to initiate this action. On this form, Plaintiff names Sherry Kemper as the only Defendant and indicates that she is a "CPA (currently disabled)" at Merrill Lynch.

In the "Statement of Claims" section of the form, Plaintiff states as follows:

On April 5th, 2018 I was released on HIP in Jefferson County, Ky. Ms. Sherry Kemper signed the 72 hr form stating there was no firearms on the premises at 4110 Sirate Ln Louisville, Ky 40229.

On April 6th, 2018 I had my personal property brought to the above address . . . .

On April 19th the HIP officer did a home visit in which firearms and narcotics were found on premises I was immediately arrested. Firearms were registered to a Sherry Kemper. Upon my arrest, my personal property (listed) remained on premises at above address in the care of Sherry Kemper. I have body camera footage of property from officers doing home visit.

Sherry Kemper has failed to come forward with property as well as telling detectives that property was stolen. So its my understanding that her home owners' insurance should cover property (listed): . . .

Plaintiff then lists several items, including vehicles, a riding lawn mower, a car stereo, laptops, motorcycle helmets, jackets, and a chainsaw.

As relief, Plaintiff seeks monetary damages and a "lien against property at 4110 Sirate Ln Louisville, Ky 40229."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

2

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Based upon this standard, it is obvious that Plaintiff's § 1983 claims against Defendant Kemper must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff has not alleged that he was deprived of any specific right secured by the federal constitution or laws of the United States. Moreover, the complaint shows that Defendant Kemper is not a state actor. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.") (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (internal quotation marks and citations omitted).

To the extent that Plaintiff asserts any state-law claims against Defendant Kemper, the Court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3). "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Accordingly, any state-law claims against Defendant Kemper will be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: February 13, 2019

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4415.011

4